IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MELVIN FLORES PINEDA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-01616-AJT-WEF |
| ) | |
| JOSEPH SIMON, *et al.*, ) | |
| ) | |
| Respondents ) | |

**MEMORANDUM OPINION AND ORDER**

On September 26, 2025, Petitioner Melvin Flores Pineda file a Petition for Writ of Habeas Corpus, [Doc. No. 1] (the "Petition") on the grounds that his ongoing detention violates the Immigration and Nationality Act ("INA") (Count I); the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)1003.19 (Count II); and his constitutional due process rights (Count III). Petitioner requests, *inter alia*, that this Court order his immediate release or alternatively direct the Executive Office for Immigration Review (EOIR) to review his detention under section 1226. [Petition] at 10. The Court directed the Respondents to respond to the Petition[1] [Doc. No. 2], and on October 8, 2025, Respondents filed their opposition [Doc. No. 6], and on October 13. 2025, Petitioner filed his reply. [Doc. No. 7]. For the following reasons, the Petition is GRANTED. .

**I.   BACKGROUND**

Petitioner Melvin Flores Pineda (the "Petitioner") is a native and citizen of El Salvador who entered the United States without inspection in 2013 and has resided here since that date. [Petition] ¶ 45. He has maintained continuous employment and has no criminal history in the

---

[1] The Court also enjoined the Defendants from removing the Petitioner from this judicial district. [Doc. No. 2].

1

United States. [Petition] ¶¶ 13-15. Together with his wife, he has five children with legal status in the United States and is his family's primary breadwinner. [Petition] ¶¶ 16-17. Petitioner was arrested by ICE while driving to work on September 23, 2025 and is currently held in ICE detention in Fairfax, VA (within this district) ever since. [Petition] ¶ 14. Though he has not filed a motion for custody redetermination (also known as bond hearing), Plaintiff contends that he is effectively foreclosed from doing so as a result of the Board of Immigration Appeals ("BIA")'s decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).[2]

## II. LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

## III. DISCUSSION

Petitioner contends that his detention pursuant to 8 U.S.C. § 1225(b)(2) violates (1) the Immigration Nationality Act ("INA") because the mandatory detention provision does not apply to him (Count I); (2) the bond regulations at 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 (Count II);

---

[2] Respondents have waived any argument that Petitioner did not exhaust his administrative remedies with respect to his habeas claim. However, to ensure that Petitioner's eventual bond hearing accords with ordinary ICE procedures, the Court will direct that Petitioner file a motion for custody redetermination pursuant to 8 CFR 236.1(d)(1) before Respondents hold the hearing required by this Order.

and (3) Petitioner's constitutional due process rights (Count III). He requests that he be released, or in the alternative, that he be given a bond hearing pursuant to of 8 U.S.C. § 1226. In their opposition, Respondents argue that this Court lacks jurisdiction over Petitioner's challenge and that Petitioner's detention is lawful and constitutional under the INA because he was detained under 8 U.S.C. § 1225(b)(2) and not 8 U.S.C. § 1226(a).

Respondents make the same arguments they made, and this Court rejected, in several similar matters recently before this court. *See, e.g. Singh v. Lyons et al.*, No. 1:25-CV-01606-AJT-WBP, 2025 WL 2932635, at *2 (E.D. Va. Oct. 14, 2025); *Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025); *Quispe-Ardiles v. Noem*, No. 1:25-CV-01382-MSN-WEF, 2025 WL 2783800, at *1 (E.D. Va. Sept. 30, 2025). There, like here, the dispositive issue reduced to whether Petitioner's detention was governed by the mandatory detention provisions in 8 U.S.C. § 1225(b)(2) or the discretionary detention provisions in 8 U.S.C. § 1226(a). At bottom, Respondents argue that Petitioner is an "applicant for admission" because he entered the country without inspection, thereby subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2) and not discretionary detention under 8 U.S.C. § 1226(a). [Doc. No. 6] at 8–19. As in some of these prior cases, Respondents acknowledged in their Opposition that their arguments have previously been rejected by this Court and are meant to preserve the issues for appeal. [Opp.] at 6, n. 4.

As a threshold matter, this Court has jurisdiction to consider Petitioner's habeas challenge to his detention since, as the Court held in *Luna Quispe*, neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Petitioner's detention. No. 1:25-CV-1471, 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025).

3

With respect to the substance of Petitioner's claim, for all the reasons previously stated in *Luna Quispe*, Petitioner's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures.[3] Respondents' application of section 1225(b) to individuals like Petitioner already in the country contravenes the plain text and statutory scheme of the INA, which makes clear that section 1225(b)(2)(A)'s scope extends only to those individuals actively seeking admission into the country, and not those that have already entered the county (albeit unlawfully).[4] *See Luna Quispe*, 2025 WL 2783799, at *4–6. As the Supreme Court held in *Jennings*, section 1226(a) is the "default rule," which governs "aliens already in the country" who are subject to removal proceedings, whereas section 1225(b) governs "aliens seeking admission into the country." *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Petitioner has been present in the United States since 2019 and thus falls in the former category of "aliens already in the country" subject to the discretionary detention provisions in section 1226(a).[5]

---

[3] Respondents' contention that this Court previously noted that "'arriving aliens' and 'applicants for admission' are the same" and "that only arriving aliens can be subject to mandatory detention," [Doc. No. 11] (citing *Luna Quispe v. Crawford*, No. 1:25-CV-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025)), is incorrect. In *Luna Quispe*, this Court held that to be treated as an "applicant for admission" under § 1225(b), an individual must be actively seeking admission but did not hold that only arriving aliens can be subject to mandatory detention. *Luna Quispe*, 2025 WL 2783799, at *6.

[4] Respondents' reliance on *Lopez-Sorto v. Garland*, 103 F.4th 242 (4th Cir. 2024) and *Jimenez-Rodriguez v. Garland*, 996 F.3d 190 (4th Cir. 2021) is misplaced. In *Lopez-Sorto*, the Fourth Circuit distinguished between an individual that "crosses the border into the country without authorization and without going through the regular procedures of admission" and one that enters through "parole," holding that an entry through parole "does not constitute an admission." 103 F.4th at 252. Importantly, the Court did not hold, as Respondents contend, that an individual cannot be physically present in the United States if they are not also admitted. *Id*. Likewise, Respondents' reliance on *Jimenez-Rodriguez* is misplaced, as the Fourth Circuit considered in that case the Attorney General's grant of inadmissibility waivers under 8 U.S.C. § 1182(d)(3)(A)(ii), not, as Respondents contend, the mandatory detention procedures in 8 U.S.C. § 1225. 996 F.3d 190 (4th Cir. 2021). For this same reason, the fact that Petitioner currently has an application for asylum pending before the Immigration Court does not render him an "applicant for admission" subject to 8 U.S.C. § 1225(b)(2)(A), as he did not file that application in order to be admitted at a lawful port of entry, but rather had already been in the country for over a year upon filing that application.

[5] The Court recognizes that in a recent decision by the Board of Immigration Appeals (BIA), *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), relied on by Respondents, the BIA held that noncitizens who are present in the United States without admission and are arrested on a warrant are subject to § 1225(b)(2)(A). *Matter of Yajure Hurtado*, 29 I. & N. Dec. at 227. In doing so, the BIA "acknowledge[d] that for years Immigration Judges have conducted § 1226(a) bond hearings for aliens who entered the United States without inspection."). *Id*. at 225 n.6. The Court is not bound by that decision and finds its reasoning unpersuasive. *See Loper Bright Enters. v. Raimondo*,

Petitioner also brings a claim under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) ("APA") on the basis that the BIA's decision in *Yajure Hurtado* constituted arbitrary & capricious agency action. [Petition] at 8. Respondents contend that this APA claim is not a cognizable claim when asserted within the context of a habeas petition, and this Court has dismissed similar claims in its recent decisions on that basis (mostly claims for attorneys' fees under the Equal Access to Justice Act 5 U.S.C. § 504) ("EAJA"). [Opp.] at 8–9. Petitioner responds that 5 U.S. Code § 703 expressly permits him to seek judicial review of an agency action under the APA. [Reply] at 4.

Unlike in the cases concerning EAJA claims, the relief Petitioner seeks under his APA claim is of the same as the relief he seeks based on his other claims, and his APA claim appears to be more of an alternate theory for relief; and for that reason, and because his claims under the INA and due process clause are dispositive of this matter, the Court will not give further consideration to the APA claim.

With respect to Petitioner's due process claim (Count III), Respondents contend that Petitioner is not entitled to constitutional due process since he was mandatorily detained under 8 U.S.C. § 1225(b) and his detention is therefore governed exclusively by that section of the INA.[6] [Doc. No. 4] at 21–25. Having determined that Petitioner's detention is governed by section 1226,

---

603 U.S. 369, 400–01, 406 (2024) (interpretation of the meaning of a statute belongs to the "independent judgment" of the courts, as "agencies have no special competence in resolving statutory ambiguities"); *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944) (stating that the "weight of a[n] [administrative] judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, *its consistency with earlier and later pronouncements*, and all those factors which give it power to persuade, if lacking power to control") (emphasis added).

[6] Respondents' reliance on *Nishimura Ekiu v. United States* is misplaced given that the portion of that court's reasoning on which Respondents rely applies to "foreigners who have never been naturalized, *nor acquired any domicile or residence within the [U.S.]*." 142 U.S. 651, 660 (1892) (emphasis added). Petitioner does not fall under that description.

the Court must consider whether his continued detention absent a bond hearing violates his due process rights. In that regard, for the reasons stated in *Luna Quispe,* Petitioner's continued detention under section 1226 without a bond hearing violates his substantive and procedural due process rights.[7] *See Luna Quispe*, 2025 WL 2783799, at *7–9. While Respondents now make a more detailed argument that the factors examined in *Mathews v. Eldridge*, 424 U.S. 319 (1976) weigh in their favor, this Court's opinion in *Hasan* considered this argument in depth and determined that the *Mathews* factors do not render this type of detention compliant with the due process clause. *Hasan v. Crawford*, No. 1:25-CV-1408 (LMB/IDD), 2025 WL 2682255, at *11–13 (E.D. Va. Sept. 19, 2025).

For the above reasons, the Court concludes that Petitioner's detention is governed by section 1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and Petitioner is entitled to a bond hearing before an immigration judge.

## IV.   CONCLUSION

For all the above reasons, the Petition is granted, and it is hereby

**ORDERED** that to the extent that Petitioner seeks release from detention, Petitioner shall file a motion requesting a bond hearing or custody redetermination as soon as practicable; and that Respondents shall hold a bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of that motion; and it is further

---

[7] In opposition to Petitioner's due process claim, Respondents rely on *Miranda v. Garland*, 34 F.4th 338 (4th Cir. 2022). There, the Fourth Circuit reversed the district court's grant of a preliminary injunction on due process grounds, holding that the detention procedures in section 1226(a), including a bond hearing, satisfied due process. *Id.* at 366. But nowhere in that opinion did the Fourth Circuit hold—explicitly or implicitly—that the failure to comport with the procedures contemplated in section 1226(a), including the provision of a bond determination hearing, would also satisfy due process.

**ORDERED** that Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

**ORDERED** that Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial; and it is further

**ORDERED** that in the event Petitioner is released on bond, Respondents are ENJOINED from rearresting Petitioner, unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

The Clerk is directed to send copies of this Order to all counsel of record.

Alexandria, Virginia
October 21, 2025

/s/
Anthony J. Trenga
Senior United States District Judge